**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **TAYLOR WILLIAMS** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **NO.  3:25-c-00654** |
| | § | |
| | § | |
| **SUNBEAM PRODUCTS, INC.** | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMAND** |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

Plaintiff, **TAYLOR WILLIAMS**, files this Original Complaint against Defendant,

**SUNBEAM PRODUCTS, INC.** (hereinafter "Defendant"), and respectfully shows the Court as

follows:

**I.
<u>INTRODUCTION</u>**

1.    Plaintiff TAYLOR WILLIAMS ("Plaintiff") is an individual who was injured as a result

of Defendant SUNBEAM PRODUCTS, INC.'s defective Oster 2-in-1 Power Reversing Blender.

2.    This is an action to recover damages for personal injuries Plaintiff sustained as a direct

and proximate result of Defendant's wrongful conduct in designing, developing, manufacturing,

marketing, advertising, distributing, and selling the dangerously defective Oster 2-in-1 Power

Reversing Blender.

**II.
<u>PARTIES</u>**

3.    Plaintiff, **TAYLOR WILLIAMS** is an individual residing in Dallas, Dallas County,

Texas.

4.   Defendant, **SUNBEAM PRODUCTS, INC.**, is a foreign for-profit corporation with its principal place of business at 6655 Peachtree Dunwoody Rd, Atlanta, GA 30328. Sunbeam Products, Inc. is registered to do business in the State of Texas and conducts business within the state and this judicial district. It may be served through its designated registered agent for service of process in Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III.
### JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.   Venue is proper in this judicial district pursuant to (i) 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (ii) because Defendant regularly and systematically conducts business in this judicial district including, without limitation, the transactions at issue in this action. Sunbeam Products, Inc., is subject to this Court's personal jurisdiction and is deemed to reside in this judicial district. §1391(c)(2) and (d).

### IV.
### STATEMENT OF FACTS

7.   At some point prior to 2023, Sunbeam Products, Inc., designed, manufactured, and sold an Oster 2-in-1 Power Reversing Blender with Touchscreen Technology.

8.   On May 20, 2023, Taylor Williams purchased one of those blenders.

9.   Prior to use, Ms. Williams reviewed all instructional materials that came with her newly-purchased blender. None identified that the glass blender could unexpectedly detach from the

blender base.

10.    On May 21, 2023, Ms. Williams used the blender to prepare a strawberry protein shake. Upon pressing the power button, there was an unexpected delay in response. Assuming the initial press had not registered, she pressed the button again, at which point the blender activated.

11.    When Ms. Williams selected the smoothie function, the blender's glass container violently detached from the base, flying into the air with significant force. As it did, she instinctively grabbed it, cutting both of her hands on the exposed blade. The airborne glass blender then shattered. To stop the malfunction, Ms. Williams tried to turn off the blender using the touchscreen power button, but it failed.

12.    Unfortunately, the issues did not stop there. Although the glass container had shattered and glass littered her kitchen, the blender's blades continued spinning. Ms. Williams, already injured and bleeding from the blade, repeatedly tried to use the touchscreen to turn off the blender, but it failed to respond. With no other option, she was forced to pull the power cord from the outlet to stop its operation, further highlighting multiple defects in the product:

- **Delay in activation**, causing the blender to function unpredictably.
- **Defective securing mechanisms**, a grave safety risk.
- **Touch screen failure**, preventing Ms. Williams from safely turning off the blender.

13.    Ms. Williams sought emergency medical treatment immediately after the incident at Baylor Hospital, where surgeons treated her deep lacerations on her right hand and left thumb. She required extensive surgery due to substantial muscle damage, and she underwent months of rehabilitation to recover her hand functionality.

14.    Experienced surgeons sutured Ms. Williams' right hand and left thumb, and she was later referred to an orthopedic specialist. The specialist determined that substantial muscle damage had occurred and recommended orthopedic surgery. After surgery, Ms. Williams spent months undergoing various therapies with the goal of regaining full functionality. That goal, unfortunately,

ended up being unattainable. Though healed, Ms. Williams 's thumb is noticeably disfigured and will never regain full functionality.

15. As a result of Ms. Williams' injuries and loss of function, she is no longer able to engage in normal activities without limitation or discomfort including:

- **Permanent disfigurement** of her thumb, severely impacting her dexterity and overall confidence.
- **Ongoing physical limitations**, restricting her ability to perform routine tasks and engage in previously enjoyed activities.
- **Emotional distress**, as she copes with the lasting effects of her injury.
- **Loss of strength** in her hand, making everyday tasks more difficult.
- **Reduced dexterity**, affecting her ability to grasp and manipulate objects.
- **Decreased fine motor skills**, hindering her ability to perform detailed tasks that require precision.
- **Temperature sensitivity**, with discomfort or pain when exposed to heat or cold.
- **Numbness and tingling sensations**, reducing her hand's responsiveness.
- **Stiffness and lack of flexibility**, which impair normal hand movement.
- **Intense fear of reinjury**, making her overly cautious and anxious in situations where her hand could be at risk.
- **Challenges with basic care tasks**, such as dressing, grooming, and household chores.

**V.**
**CAUSES OF ACTION**

**COUNT 1: STRICT PRODUCT LIABILITY – DESIGN DEFECT**

16. The Plaintiff incorporates by reference all preceding paragraphs and allegations of the Complaint as if fully set forth herein.

17. The Oster 2-in-1 Power Reversing Blender ("the Blender"), failed to meet safety standards expected of consumer kitchen products. As a result, Ms. Williams sustained severe lacerations in both of her hands.

18. Ms. Williams sustained significant injuries to her right thumb and hands when she

attempted to operate the product in accordance with its normal and intended use.

19. At all material times hereto, Defendant was the designer, manufacturer, and seller of the Blender at issue.

20. The Blender at issue in this suit was designed, manufactured, constructed, marketed, and/or distributed by and/or through the agents and/or representatives of Defendant.

21. Defendant regularly engaged in the business of supplying or placing products like the Blender in question, into the stream of commerce for use by the consuming public, including Plaintiff.

22. The subject Blender was defectively designed, manufactured, promoted, tested, assembled, planned, engineered, constructed, built, inspected, marketed, distributed, and sold. The Blender was in a defective and unreasonably dangerous condition at the time it was sold to Plaintiff.

23. At the time the Blender was placed into the stream of commerce and sold to Plaintiff, it was, or should have been, reasonably expected and foreseeable that it would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of the incident.

24. The relevant components of the subject Blender were not changed or altered in any material respect from the time it was manufactured and sold by Defendant to the time and place purchased by Plaintiff.

25. At the time and place of the foreseeable incident, and of distribution and sale by Defendant, the subject Blender and its component parts were defective and unreasonably dangerous for their intended uses.

26. The unreasonably dangerous nature of the defects created a high probability that the subject Blender could cause severe and permanent personal injuries to persons using the product for its intended purposes.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                **Page 5**

27.   The risk of injury associated with the Blender greatly outweighs any utility. The likely probability of injury associated with the Blender, and the gravity of such an injury, exceeds any minimal cost, if any, of a safer and reasonably alternative design.

28.   With respect to the design of the Blender, at the time it left the control of Defendant, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Plaintiff and other similarly situated individuals. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

29.   At the time the Blender in question left control of Defendant, it was defective and unreasonably dangerous in that it was not adequately designed and marketed to minimize the risk of injury and did not have adequate instructions regarding its use. By way of example and without limitation, the product in question was unreasonably, dangerously defective in at least the following ways:

   a.   The Blender was defectively designed;

   b.   The Blender in question was not properly designed to eliminate the risk and dangers associated with moving machinery (for instance, an automatic stop);

   c.   The Blender in question was not properly designed with sufficient safety measures; and

   d.   The Blender in question did not contain adequate instructions or warnings.

30.   The above is not an exhaustive list of the defects existing in the Blender at the time of injury.

31.   As a direct, producing, and proximate result of the defects in the subject Blender, which was designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected,

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    **Page 6**

marketed, advertised, distributed, and/or sold by Defendant, Plaintiff has suffered the injuries and damages alleged herein.

32.     To the extent Defendant attempt to rely on any standards or regulations of the Federal Government, such standards or regulations were inadequate minimum standards to protect against the risk of damages and/or injuries that occurred in this case.

33.     Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, and past and future medical treatments and expenses.

34.     In performing the foregoing acts and omissions, Defendant acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, to justify an award of punitive and exemplary damages.

## COUNT 2: STRICT PRODUCT LIABILITY – MANUFACTURING DEFECT

35.     The Plaintiff incorporates by reference all preceding paragraphs and allegations of the Complaint as if fully set forth herein.

36.     In addition to the allegations above, Plaintiff brings this product liability action against Defendant for manufacturing defects. At the time the Blender left Defendant's hands, there was a deviation from the design that rendered the Blender unreasonably dangerous. The defects, as noted above, existed at the time it left Defendant's hands, and the defects were the producing cause of Plaintiff's injuries and damages.

37.     As a direct and proximate result of Defendant's placement of the defective Blender into the stream of commerce, Plaintiff experienced and/or will experience severe harmful effects, as discussed at length herein.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                      **Page 7**

38.    Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

39.    In performing the foregoing acts and omissions, Defendant acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

## COUNT 3: STRICT PRODUCT LIABILITY – FAILURE TO WARN

40.    The Plaintiff incorporates by reference all preceding paragraphs and allegations of the Complaint as if fully set forth herein.

41.    As noted above, there was a substantial risk of harm inherent in the Blender or reasonably foreseeable from the intended or reasonably anticipated use of the Blender.

42.    Defendant knew of, or should have known of, the risk of harm created by the defects in the Blender, as discussed above.

43.    Defendant did not provide adequate warnings or instructions regarding the defects, which rendered the Blender unreasonably dangerous to the ultimate users and consumers, including Plaintiff Defendant's inadequate warning and/or instructions regarding the possible defects were a direct, producing, and proximate cause of Plaintiff's injuries and damages.

44.    The Blender's dangers and defects were known, or should have been known, by Defendant at the time the product was originally placed in the stream of commerce.

45.    Defendant knew, or should have known, of the dangers associated with the Blender, as well as the defective nature of the Blender.

46.    At all times herein mentioned, the Blender was defective, and Defendant knew that it was to be used by the user without inspection for defects therein.

47.    Further, as a result of the foregoing acts and omissions, Plaintiff suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

48.    In performing the foregoing acts and omissions, Defendant acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

## COUNT 4: NEGLIGENCE AND GROSS NEGLIGENCE

49.    The Plaintiff herein incorporates by reference all preceding paragraphs and allegations of the Complaint as if fully set forth herein.

50.    Defendant has a duty to design, manufacture, distribute, and sell products that are not unreasonably dangerous. Defendant, acting by and through their agents and/or representatives, breached this duty and were thereby negligent, careless and reckless in designing, manufacturing, marketing, distributing, and selling of the Blender in question with the defects identified above. As a proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, Plaintiff sustained serious and permanent injuries and damages.

51.    Defendant failed to exercise reasonable care in selling, failing to warn, designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control, and/or distribution of the Blender into interstate commerce. Defendant knew, or should have known, that the Blender was unsafe and unfit for use because of the dangers it posed to its users.

52. The negligence of Defendant, their agents, servants, and/or employees includes, but is not limited to, the following acts or omissions:

   a. Negligently designing the Blender in a manner which posed a serious danger to its users;

   b. Designing, manufacturing, producing, creating, promoting, and/or selling the Blender without adequately, sufficiently, or thoroughly testing it;

   c. Failing to adequately and correctly warn Plaintiff and the general public of the dangers associated with the Blender;

   d. Failing to provide adequate and clear instructions regarding use and safety precautions of the Blender;

   e. Negligently representing that the Blender was safe for its intended use, when, in fact, it was unsafe;

   f. Negligently assembling the Blender in a manner which was dangerous to its users; and

   g. Negligently producing the Blender in a manner which was dangerous to its users.

53. The above is not an exhaustive list of the defects existing in the Blender at the time of injury.

54. Defendant was negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing and sale of the Blender in that they:

   a. Failed to use due care in designing and manufacturing the Blender so as to avoid the aforementioned risks to individuals that use the product for its intended purposes;

   b. Failed to accompany their product with proper warnings;

   c. Failed to accompany their product with proper instructions for use;

   d. Failed to conduct adequate testing to determine the safety of the Blender; and

   e. Was otherwise careless and/or negligent.

55. The above is not an exhaustive list of the defects existing in the Blender at the time of injury.

56. Despite the fact that Defendant knew, or should have known, that the Blender caused harm to individuals, including Plaintiff, that used the product for its intended purpose, Defendant continued to market, manufacture, distribute and/or sell the Blender.

57. Defendant knew or should have known that consumers such as Plaintiff would suffer foreseeable injury and/or be at increased risk of suffering injury as a result of Defendant's failure to exercise ordinary care, as set forth above.

58. Defendant's negligence was the proximate cause of Plaintiff's physical, mental and emotional injuries and harm, and economic loss which he has suffered and will continue to suffer.

59. By reason of the foregoing, Plaintiff experienced and/or will experience severe harmful effects.

60. Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, including diminished enjoyment of life.

61. In performing the foregoing acts and omissions, Defendant acted fraudulently and with malice and oppression consciously disregarding the unjustifiably substantial risk of significant harm, so as to justify an award of punitive and exemplary damages.

62. Each and all of the foregoing negligent acts and omissions, taken singularly or in combination, constitute grossly negligent conduct on the part of Defendant in that such conduct, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others

and of which Defendant had actual, subjective awareness of risk involved, yet nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.

## COUNT 5: BREACH OF EXPRESS WARRANTIES

63. The Plaintiff herein incorporates by reference all preceding paragraphs and allegations of the Complaint as if fully set forth herein.

64. At all times mentioned herein, Defendant expressly warranted to Plaintiff and the general public, by and through statements made by Defendant or their authorized agents, or sales representatives, orally and in publications, package instructions and other written materials, that the aforementioned Blender was safe, effective, fit and proper for its intended use.

65. In utilizing the Blender, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of Defendant. Said warranties and representations were false in that the Blender was not safe and was unfit for the uses for which it was intended. As a result of the foregoing breach of express warranties by Defendant, Plaintiff suffered unnecessary and severe pain and injuries, debilitation, and further damages as alleged herein.

66. Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, pain and suffering, as well as other severe and personal injuries which are permanent and lasting in nature, including diminished enjoyment of life.

67. In performing the foregoing acts and omissions, Defendant acted fraudulently, and with malice and oppression to justify an award of punitive and exemplary damages.

## COUNT 6: BREACH OF IMPLIED WARRANTIES

68. The Plaintiff herein incorporates by reference all preceding paragraphs and allegations of the Complaint as if fully set forth herein.

69.     Prior to the time that the Blender was used by Plaintiff, Defendant's impliedly warranted to Plaintiff that the Blender was of merchantable quality, safe, and fit for the use for which it was intended.

70.     Plaintiff was and is unskilled in the research, design, and manufacture of the Blender, and she reasonably relied on the skill, judgment and implied warranty of the Defendant in using the Blender.

71.     Defendant knew or should have known that Plaintiff was using the Blender for its particular purpose—blending food.

72.     The Blender was neither safe for its intended purpose nor of merchantable quality, as warranted by Defendant, in that it had dangerous propensities when put to its intended use and causes severe injuries to the user.

73.     Defendant, by selling, delivering and/or distributing the defective Blender to Plaintiff, breached the implied warranties of merchantability and fitness for a particular purpose and caused Plaintiff to suffer the damages described more fully herein.

74.     Further, as a result of the foregoing acts and omissions, Plaintiff has suffered significant damages including, but not limited to, physical injury, economic loss, loss of wages, pain and suffering, and substantial medical costs and expenses.

## VI.
### DAMAGES

75.     As a direct and proximate result of Defendant's wrongful conduct alleged herein, Plaintiff sustained actual, consequential and special damages and seek recovery from Defendant for all such damages including, but not limited to, the following:

    a)    <u>Medical Expenses</u>: Plaintiff has incurred medical and therapy expenses in the past and will continue to incur medical and therapy expenses in the future. These expenses were incurred for reasonable and necessary care and treatment of these

injuries. The charges incurred are reasonable and were the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also expects to incur medical and counseling expenses in the future in an amount in the jurisdictional limits of this Court.

b)  Physical Pain and Suffering: Plaintiff has endured severe physical pain and suffering in the past and will continue to endure severe physical pain and suffering in the future.

c)  Mental Anguish: Plaintiff has endured severe mental anguish in the past and will continue to endure severe mental anguish in the future.

d)  Permanent Disfigurement: Plaintiff has suffered permanent physical disfigurement in the past and will continue to suffer permanent physical impairment in the future; and

e)  Physical Impairment: Plaintiff has suffered physical impairment in the past and will continue to suffer physical impairment in the future; and

f)  Lost Wages: Plaintiff has suffered lost wages in the past and will continue to suffer lost wages in the future.

g)  Plaintiff seeks exemplary damages based on Defendant's gross negligence.

h)  Plaintiff also claims both pre-judgment and post-judgment interest.

i)  As a result of the above, Plaintiff seeks damages within the jurisdictional limits of the Court for which she seeks recovery from Defendant, Plaintiff states for notice purposes that by this pleading she is claiming any and all damages to which she is entitled under Texas law.

## VII.
## SPOLIATION OF DOCUMENTS & EVIDENCE

76. Defendant is hereby given notice that any document or other material, including electronically stored information and physical evidence, that may be relevant to any issue in this case is to be preserved in its present form until this litigation is concluded. Plaintiff alleges that to the extent Defendant has intentionally and/or negligently destroyed documents and other evidence pertinent to this case, Plaintiff requests the Court issue proper sanctions, including an instruction to the jury presuming all things are against the Defendant.

## VIII.
## DEMAND FOR JURY TRIAL

77.  Plaintiff hereby demands that a jury of her peers be empaneled to hear and decide the issues presented in this case.

## IX.
## PRAYER

78.  For these reasons, Plaintiff requests that Defendant be cited to appear and answer and, upon final trial, that Plaintiff be awarded the following:

   a)  Judgment against Defendant, in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's actual damages;

   b)  Pre-judgment interest;

   c)  Post-judgment interest;

   d)  Costs of court; and

   e)  All such other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Heather V. Davis*
Amy M. Carter
State Bar No. 24004580
Heather V. Davis
State Bar No. 24092324
**CARTER LAW GROUP, P.C.**
351 W. Jefferson Blvd., Ste. 503
Dallas, Texas 75208
amy@clgtrial.com
hdavis@clgtrial.com
Telephone: (214) 390-4173

***Attorneys for Plaintiff***